CARL WEINER, Plaintiff-Appellant, *v.* EVA M. LANDRY *et al.*, Defendants-Appellees—(THE FIRST COMMERCIAL BANK, Plaintiff-Appellant, *v.* HOLLANDER ROOFING AND SHEET METAL CO., INC. *et al.*, Defendants-Appellants.)

(No. 53782; )

First District—October 30, 1970.

Thomas P. Sullivan and Ronald J. Clark, both of Chicago, (Jenner & Block, of counsel,) for appellants.

Arnstein & Levin, of Chicago, (Edward A. Berman, of counsel,) for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This litigation had its genesis in the consolidation of two mortgage foreclosure proceedings. The subject matter was a frame residence owned by John Landry and Eva Landry, his wife. The First Commercial Bank (Commercial) and the American National Bank (American) were holders of a first and paramount lien and a subordinate lien respectively. In 1962 foreclosure proceedings were instituted against the property in cases titled, *Carl Weiner v. Eva M. Landry, et al.*, and *Commercial v. Hollander Roofing & Sheet Metal Co., et al.* Commercial purchased the interest of Carl Weiner and substituted as plaintiff and the causes were then consolidated. American was the holder of a note and trust deed arising out of a construction loan to Landry. The property sustained fire damage after the foreclosure proceedings were commenced, but before decree was entered and before the premises were sold at the Master's Sale to Commercial on May 21, 1964. Commercial thereafter, in February, 1965, received a total of $2,346.20 on four (4) fire insurance policies that covered the property.

American petitioned for an order requiring Commercial to turn the insurance proceeds over to American. After a hearing before a Special Master and approval of his report, such an order was entered and Commercial now appeals and contends that the court erred in entering this order and in finding that the equities favored American.

On April 16, 1964, a decree of foreclosure and sale was entered and recited that Commercial's lien amounted to $11,168.32 which included Commercial's request for credit for money it expended for premiums in

securing fire insurance for the property. American's subordinate lien amounted to $3,148.84.

On May 21, 1964, the property was sold to Commercial on its bid for $11,450.00 and after deducting costs of the sale and Commercial's lien, a deficiency of $33.46 remained payable to Commercial. Therefore, the lien of Commercial (with the exception of $33.46) was liquidated. A master's deed was delivered and there being no redemption, Commercial subsequently acquired a deed to the property.

Prior to the Decree of Foreclosure and Sale, Commercial had for several years, paid the insurance premiums on the fire insurance policies that covered the premises. Commercial's vice-president of its Real Estate and Mortgage Loan Department testified that these insurance premiums were charged to Commercial's accounts receivable as an open item in a subsidiary ledger account of the bank to be collected on disposition of the property, either through the court action or sale of the property, one way or another. The premiums were an advance made on part of Commercial to protect the property. The fire insurance was placed on the property at the direction of the mortgagor.

The evidence also disclosed that three of the four policies insuring the premises against fire loss named Commercial as the mortgagee to whom any losses were to be paid as its interest might appear; the fourth policy provided that the losses, if any, were to be paid to Commercial. The trust deed made it incumbent upon Commercial to apply the proceeds received from the four fire insurance policies to the reduction of the indebtedness due on the note secured by the mortgage.

■■ If the first insurance proceeds had been available at the time of the entry of the Decree of Foreclosure and Sale on April 16, 1964, they would have been applied pursuant to the trust deed to reduce the indebtedness secured thereby. Thus, the sale would have resulted in excess proceeds of approximately $2,312.74, (Commercial's successful bid of $11,450.00 less approximately $9,137.00) which since would have been credited to the mortgagor subject to the lien of American. The presumption is that Commercial's bid was the fair cash value of the property. *Johnson v. Zahn* (1942), 380 Ill. 320.

■■ The evidence showed that the insurance was placed on the property by Commercial at the direction and on behalf of the mortgagor, that Commercial paid the premiums as an advance to the mortgagor and that at the time of the sale Commercial requested and received a credit therefor. In *LeDoux v. Dettmering* (1942), 316 Ill.App. 98 at page 109 this court said:

"If, however, insurance has been effected at the request or by the

authority of the mortgagor, or under circumstances that would make him chargeable with the premium, the mortgagor, in case of a loss, is entitled to have the proceeds of the insurance applied in liquidation of the mortgage debt *pro tanto*." (Cases cited).

■■ The trial court properly found the law and the equities to favor American.

We accordingly affirm the decree of the trial court.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.