WESTERN EMPLOYERS INSURANCE, Plaintiff-Appellee, v. BANK OF RAVENSWOOD, as Trustee, *et al.*, Defendants-Appellees (Uptown Federal Savings & Loan Association of Chicago, as mortgagee, Defendant and Counterdefendant-Appellee; Phillip J. Stover *et al.*, Defendants and Counterplaintiffs-Appellants).

First District (5th Division) Nos. 86—2892, 86—3184 cons.

Opinion filed July 17, 1987.—Rehearing denied August 28, 1987.

Jerome H. Torshen, Ltd., of Chicago (Jerome H. Torshen, Mark K. Schoenfield, and James K. Genden, of counsel), for appellants.

Rabens, Formusa & Glassman, Ltd., of Chicago (Marvin Glassman, of counsel), for appellees Bank of Ravenswood and Joseph L. Doane.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from orders entered in an interpleader action brought by an insurer of property damaged in a fire to determine whether the mortgagors or the assignees of the mortgagee's interest in the insurance proceeds were entitled to those proceeds where the fire occurred after a judgment of foreclosure and sale was entered but before the property was sold at a sheriff's sale to the assignees whose bid extinguished the mortgage. The circuit court granted the mortgagors' motion for summary judgment, denied the assignees' motion for summary judgment and entered judgment on the pleadings in favor of

the mortgagors and against the insurer in the amount of $60,653.

The facts are uncontroverted. Western Employers Insurance Company (Western Employers) issued a fire insurance policy covering an apartment building located at 4448-58 North Malden, Chicago, Illinois. The policy contained a standard mortgage clause, providing for payment for loss to the premises to be made to the named mortgagee, Uptown Federal Savings & Loan Association (Uptown Federal). The policy listed as the named insured the Bank of Ravenswood (Ravenswood), the trustee under a land trust, and Joseph L. Doane (Doane), the sole beneficiary thereof.

The building was substantially damaged by a fire which occurred on September 23, 1985. Prior to that date, on July 22, 1985, Uptown Federal, as mortgagee, obtained a judgment of foreclosure and sale against Ravenswood/Doane, the mortgagors. Following the fire, Uptown Federal entered into negotiations with Phillip J. Stover and Annette A. Stover (the Stovers) concerning the purchase of the fire-damaged premises at the sheriff's sale.

Uptown Federal represented to the Stovers that it had the right to the insurance proceeds, which were worth in excess of $60,000. Based on that representation, the Stovers offered to bid $151,932 at the sheriff's sale for both the damaged premises and an assignment from Uptown Federal of its right to the insurance proceeds if they made the highest bid. On December 10, 1985, Uptown Federal accepted their offer and the Stovers made the agreed bid, which was the high bid. The Stovers received a deed to the premises and an executed assignment from Uptown Federal of its right to the insurance proceeds.[1]

Western Employers thereafter brought a complaint for interpleader when both the Stovers and Ravenswood/Doane demanded payment of the insurance proceeds. Named as defendants were the Stovers, Ravenswood/Doane and Uptown Federal. The Stovers and Ravenswood/Doane filed answers claiming the fire loss proceeds; Uptown Federal disclaimed any interest in the proceeds. The Stovers also filed a counterclaim against Uptown Federal seeking to recover a portion of their bid at the sheriff's sale in the event Ravenswood/Doane prevailed in the interpleader action. Both the Stovers and Ravenswood/Doane moved for summary judgment.

On September 26, 1986, the circuit court granted Ravenswood/Doane's motion and denied the Stovers' motion. Ravenswood/Doane

---

[1]The assignment specifically provided that it was "without representation or warranty of any kind."

thereafter moved for judgment on the pleadings against Western Employers in the amount of $60,653, plus prejudgment interest. On October 23, 1986, the court entered judgment in favor of Ravenswood/Doane and against Western Employers in that amount. It also ordered the insurance company to deposit this sum with the clerk of the circuit court in satisfaction of the judgment and dismissed it from the action. On the Stovers' motion, the order of October 23, 1986, was modified to permit the sum of $60,653 to be placed in an interest bearing escrow account. This appeal follows.

The Stovers contend that they were entitled to the insurance proceeds on the fire-damaged property because Uptown Federal entered into a contract to assign its interest in the proceeds to them prior to the repayment of the mortgage debt and extinguishment of the mortgage. The issue in this case, however, is not whether Uptown Federal had an insurable interest at the time of the fire or when it agreed to assign its interest in the insurance proceeds to the Stovers, but whether Uptown Federal, as mortgagee, was entitled to any recovery on the policy once the mortgage was extinguished by the Stovers' bid at the sheriff's sale.

■ The pivotal fact on which the limit of recovery of mortgage insurance depends is the sequence of the two events, foreclosure sale and loss. (*Great-West Life Assurance Co. v. General Accident Fire & Life Assurance Corp.* (1983), 116 Ill. App. 3d 921, 929-30, 452 N.E.2d 550.) If the mortgagee purchases the property at a foreclosure sale before the fire loss, "the amount bid at the foreclosure was for the property in an undamaged condition and the mortgagee required the insurance proceeds to restore the property to the condition it was in at the time of the foreclosure." (*City of Chicago v. Maynur* (1975), 28 Ill. App. 3d 751, 755, 329 N.E.2d 312.) If, however, the loss precedes the foreclosure sale, "the rule is different since the mortgagee has an election as to how he may satisfy the mortgage indebtedness by two different means." *Nationwide Mutual Fire Insurance Co. v. Wilborn* (1973), 291 Ala. 193, 198, 279 So. 2d 460, 463.

"He may look to the insurance company for payment as mortgagee *** and may recover, up to the limits of the policy, the full amount of the mortgage debt at the time of the loss. In this event he would have no additional recourse against the mortgagor for the reason that his debt has been fully satisfied.

The second alternative available to the mortgagee is satisfaction of the mortgage debt by foreclosure. If the mortgagee elects to pursue this latter option, and the foreclosure sale does not bring the full amount of the mortgage debt at the time of

the loss, he may recover the balance due under the insurance policy as owner. If the foreclosure does fully satisfy the mortgage debt, he, of course, has no additional recourse against the insurance company, as his debt has been fully satisfied. [Citation.]

\* \* \*

[A]t the time of, and immediately after the fire loss, [the] mortgagee is the creditor of the owner, the \*\*\* mortgagee having had security for that debt in the form of a mortgage on the property and a claim for the loss on the insurance policy. *But in no event is the* \*\*\* *mortgagee due to collect more than the debt secured.* \*\*\* When a mortgagee forecloses and at the sale he collects the *full* amount of his debt, he is no longer a creditor, as his debt is paid." 291 Ala. 193, 198, 279 So. 2d 460, 463-64.

■ "[T]he authorities are unanimous to the effect that if subsequent to the fire the mortgagee has had its debt satisfied by purchase at foreclosure either by the mortgagee or a stranger, even by its bidding in of the outstanding debt, the mortgagee's rights under the policy are terminated [Citations]." (*Whitestone Savings and Loan Association v. Allstate Insurance Co.* (1971), 28 N.Y.2d 332, 335, 270 N.E.2d 694, 696, 321 N.Y.S.2d 862, 865.) The Illinois decisions are in accord. (See *Great-West Life Assurance Co. v. General Accident Fire & Life Assurance Corp.* (1983), 116 Ill. App. 3d 921, 452 N.E.2d 550; *Partel, Inc. v. Harris Trust & Savings Bank* (1982), 106 Ill. App. 3d 962, 437 N.E.2d 1225; *Weiner v. Landry* (1970), 131 Ill. App. 2d 221, 264 N.E.2d 828.) Any surplus value from the insurance proceeds belongs to others, namely the mortgagor or subsequent lienors. *Whitestone Savings and Loan Association v. Allstate Insurance Co.* (1971), 28 N.Y.2d 332, 337, 270 N.E.2d 694, 697, 321 N.Y.S.2d 862, 866.

■ The Stovers concede that their bid at the sheriff's sale extinguished Uptown Federal's mortgage and that, as the mortgagee's assignees, they acquired no greater right to the insurance proceeds than Uptown Federal. In our judgment, these concessions are fatal to their position on appeal. Uptown Federal admittedly had no claim to the insurance proceeds once its debt was satisfied by the Stovers' bid at the sheriff's sale. *A fortiori*, its assignees had no greater right to those proceeds.

In *Whitestone Savings & Loan Association v. Allstate Insurance Co.* (1971), 28 N.Y.2d 332, 270 N.E.2d 694, 321 N.Y.S.3d 862, the court stated:

"[M]ortgagee's whole contention has been the legalistic and syl-

logistic one that if the time of loss fixes rights then the rights of the mortgagee to recover was fixed on *** the day of the fire, and nothing done thereafter could impair that right. The fallacy of that reasoning *** [is that] it overlooks the power of the obligee to alter the obligation running in his favor." 28 N.Y.2d 332, 337, 270 N.E.2d 694, 697, 321 N.Y.S.2d 862, 866.

Here, the obligee (Uptown Federal) did alter the obligation running in its favor when it chose to foreclose on the property and thereafter received a bid at the sheriff's sale sufficient to extinguish its debt. Once the debt had been satisfied, Uptown Federal lost any right it may have had to the insurance proceeds. Accordingly, its assignees had no right to those proceeds either.

Contrary to the Stovers' contention, affirmance of the circuit court's orders will not result in a windfall to Ravenswood/Doane, which lost the property through foreclosure and will receive only the insurance proceeds to compensate for damage to the property. Although Uptown Federal may have reaped a windfall (if the Stovers' bid actually exceeded the outstanding indebtedness and all costs associated with the foreclosure proceedings), whether it is entitled to retain that windfall remains to be determined. That issue is not now before us.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Judgment affirmed.

LORENZ and MURRAY, JJ., concur.