GREAT AMERICAN INSURANCE COMPANY *v.* SMITH

No. 43391          March 8, 1965          172 So. 2d 558

May 3, 1965                    174 So. 2d 499

*Bryan & Gordon,* Pascagoula, for appellant.

*Merle F. Palmer,* Pascagoula; *John T. Smith,* Cleveland, for appellee.

GILLESPIE, J.

This is a companion case to Southern Guaranty Insurance Company v. Dean, 252 Miss. 69, 172 So. 2d 553, decided by this Court on this day. The two cases were consolidated by agreement of the parties for trial in the lower court.

Mrs. Mildred Smith sued Great American Insurance Company on a standard fire insurance policy issued to Mrs. Ruby Jones Dean, as the insured, wherein the appellee, Mrs. Mildred Smith, was designated as the mortgagee in the mortgage clause. The policy provided coverage of $30,000 on a building occupied by Mrs. Dean as a restaurant in Pascagoula, Mississippi, and $15,000 on the contents of said restaurant building, or a total of $45,000. The building and its contents were completely destroyed on January 6, 1963. The trial court entered a judgment for Mrs. Mildred Smith for the full amount

of the policy. Great American Insurance Company appealed to this Court.

On May 23, 1962, Mrs. Ruby Jones Dean and her husband executed a deed of trust securing an indebtedness to appellee in the amount of $50,000, plus interest at the rate of six percent, payable in fifteen annual installments. On the same day Great American Insurance Company, through its agent, issued the policy in question. On December 6, 1962, an additional insurance policy, not involved in this suit, was issued to Mrs. Ruby Jones Dean by Southern Guaranty Insurance Company covering the same building for $15,000, and $5,000 on the contents of said building. On January 6, 1963, the restaurant building occupied by Mrs. Dean and the contents thereof were entirely destroyed by fire and explosion. The details of the facts concerning the fire and explosion are related in the opinion in the companion case this day decided, in which this Court rendered an opinion holding that the failure of Mrs. Ruby Jones Dean to comply with the requirements of the policies to submit to an examination under oath and produce records, voided the policies as to said insured, Mrs. Ruby Jones Dean.

Appellant contends that the trial court erred in not directing subrogation of appellee's rights under the deed of trust to the appellant according to the terms of the policy and in accordance with Mississippi Code Annotated section 5695 (1956), which provides that fire insurance policies shall contain a clause reading in part as follows:

Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security held as

collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of . . . claim.

The policy issued by appellant to Mrs. Dean provides substantially the same as required by statute. The claim for subrogation under the terms of the policy and of said statute were set up in appellant's answer.

In view of the fact that the trial court erroneously entered judgment in favor of Mrs. Dean in her case against appellant and the other insurance company, the companion case hereto, it failed to make any provisions with reference to subrogation under the terms of the statute. Since this Court has reversed the companion case and held that there was no liability to Mrs. Ruby Jones Dean on either of said policies, it follows as a matter of law that upon payment by the appellant, Great American Insurance Company, of the judgment in this case, it will automatically be subrogated to all the rights of Mrs. Mildred Smith under said deed of trust and the note secured thereby to the extent of such payment if it is less than the amount due under the deed of trust and notes. As provided in said statute, if appellant pays Mrs. Smith the full amount of the deed of trust with interest it shall be entitled to a transfer of the deed of trust, notes, and all security thereunder as provided by statute. It is not required or necessary that this Court enter any order with reference to said subrogation for it follows as a matter of law when, but not before, appellant makes payment to the mortgagee, Mrs. Mildred Smith.

It is conceded in this case that Mrs. Smith is entitled to recover on the policy of insurance notwithstanding appellant and the other insurer of Mrs. Ruby Jones

Dean's property have been held not liable to Mrs. Dean under said policies. This is in accord with Mississippi Code Annotated section 5695 (1956), which provides that the insurance as to the interest of the mortgagee shall not be invalidated by any neglect or act of the mortgagor or owner of the property insured.

██ ██ The trial court entered judgment for the full amount of the policy. Appellant contends that this was error and that the court should have limited the amount of the loss to the actual cash value of the property at the time of the loss, and that the valued policy provisions of the statute do not apply to this case. Appellant contends that the proof shows that the property was destroyed by explosion rather than fire and that the extended coverage provisions insuring against certain hazards, including explosion, are not subject to the valued policy provisions of the statute.

Mississippi Code Annotated section 5693 (1956) provides in part as follows:

When buildings and structures are insured against loss by fire, and situated within this state, are totally destroyed by fire the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated and the measure of damages shall be the amount for which the buildings and structures were insured.

This contention was urged upon the chancellor and he rejected it. The proof showed that there was an explosion and a fire ensued which consumed the property. Whether there was any fire preceding the explosion is not known. A photograph was introduced purportedly taken after the explosion and while the fire was burning. Appellant contends that this photograph establishes the fact that the property was destroyed by the explosion and that the fire was merely burning the debris. There is no doubt but that the explosion was one of the causes

of the destruction of the property, but we are unable to say that the chancellor was manifestly wrong in finding that the dominant and efficient cause of the destruction of the property was fire. Glens Falls Insurance Co. v. Linwood Elevator, 241 Miss. 400, 130 So. 2d 262 (1961); Evana Plantation v. Yorkshire Insurance Co., 214 Miss. 321, 58 So. 2d 797 (1952).

We have carefully considered the contention of appellant with regard to interest and we are unable to say the trial court erred in this respect.

Affirmed.

*Lee, C. J., and Ethridge, Jones and Patterson, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT

GILLESPIE, J.

Great American Insurance Company, appellant, filed this motion to correct judgment and contends that the judgment of the Court entered pursuant to the opinion on the merits is erroneous because (1) it failed to provide that Great American Insurance Company shall be subrogated to the rights of the mortgage of appellee, Mrs. Mildred Smith, under her mortgage when payment of the judgment is made; and (2) it assessed appellant with the five percent penalty as provided by Mississippi Code Annotated section 1971.(1956).

Under the decision rendered by this Court there was no reversal or modification of the decree of the lower court. Appellant urged that the lower court erred in not providing in its decree that appellant would be subrogated to the rights of the mortgagee under the provisions of Mississippi Code Annotated section 5695 (1956). Our opinion stated that subrogation would follow as a matter of law when, but not before, appellant makes payment to the mortgagee. This did not constitute any modification of the decree of the lower court, and,

therefore, the judgment entered here was in accord with our opinion.

For the same reasons, we hold that the judgment of this Court properly assessed appellant with the five percent damages under section 1971.

Motion to correct judgment overruled.

*Lee, C. J., and Ethridge, Jones and Patterson, JJ.,* concur.