BRADY, Justice:
This is an appeal from the Chancery Court of Alcorn County, Mississippi, wherein the chancellor denied the appellants’ claim for a $3,000 verdict under an insurance contract and entered a verdict for $411.75, which was the balance of an indebtedness due under a mortgage at the time of the loss. From that judgment this appeal is taken.
Mrs. Lessie Gable, appellant, purchased the property in question, a residence and lot, in 1959 from Mrs. Mattie Ruth Harrison, appellant, and her husband who died on December 31, 1959. The property was sold for the total consideration of $4500, of which $500 was paid in cash and the balance, being $4,000, was financed with Mr. and Mrs. Harrison.
Sometime during the year 1963 the roof on this dwelling was damaged by wind and another insurance company made a settlement with Mrs. Gable, but shortly thereafter that company refused to renew the policy and therefore, in effect, canceled the insurance. Mrs. Gable then attempted to secure insurance, and after approximately a month of failing to secure a policy upon the property, Mrs. Harrison successfully procured a policy from her agent, who had previously insured the property through another company. The new policy on its face stated as follows:
On the Interest of the Named Insured as Mortgagees on the 1-D Approved Roof Two Family Dwelling situated 1234 Tate Street, CORINTH [ALCORN COUNTY], MISSISSIPPI.
This policy was issued on November 20, 1968, by the American Motorist Insurance Company through its agent, Binford Insurance Agency. On July 29, 1969, the dwelling was totally destroyed by fire. Thereafter, on October 13, 1969, Mrs. Mattie Ruth Harrison, Mortgagee, and Mrs. Lessie Gable, Mortgagor, filed suit in the Chancery Court of Alcorn County, Mississippi, against the American Motorist Insur- *578 anee Company for the full face amount of the policy, being $3,000. The chancellor found that the insurance company was not liable for $3,000 but only for the balance of the indebtedness, or $411.75. From that judgment this appeal is taken.
As is conceded in this case, the only point raised on appeal is that “(T)he lower court erred in its application of the valued policy statute.” The proof shows that Mrs. Mattie Ruth Harrison was insured to the extent of the indebtedness due her as a mortgagee of the property which her husband, now deceased, had sold to Mrs. Lessie Gable.
The chancellor correctly held that Mrs. Harrison had a right to insure her interest as mortgagee as described in the policy, “(O)n the Interest of the Named Insured as Mortgagee on the 1-D Approved Roof Two Family Dwelling situated 1234 Tate Street, CORINTH [ALCORN COUNTY], MISSISSIPPI.” The court correctly found that this was a diminishing interest of the mortgagee and concerned itself only with the effect of the Mississippi Valued Policy Statute as it applied to the case at bar. The court properly observed that “the valued policy statute is as a matter of law written into all contracts of insurance in this state.”
This statute has a very laudible purpose of prohibiting or seeking to prohibit the issuance of excessive coverage on insured property. The court properly found that “ * * * the valued policy statute, though applicable to the case at bar, has not and the Court repeats, has not been violated, for the reason that the value to which the statute applies, in the opinion of this Court, relates to the diminishing interest of the mortgagee, and the proof is uncontradictive as to that amount at the time that the insured property was destroyed.”
The chancellor wisely concluded that if for some reason the insurer had contended that the property was of less value than the indebtedness due the mortgagee, then in that event the valued policy statute would have had application in the case at bar. This, however, is not the contention of the appellant. Miss.Code 1942 Ann. | 5695 (1956); Hennessey v. Halgason, 168 Miss. 834, 151 So. 724 (1934); Great American Ins. Co. v. Smith, 252 Miss. 62, 172 So.2d 558, 174 So.2d 499 (1965).
Affirmed.
GILLESPIE, RODGERS, PATTERSON and SMITH, JJ., concur.