669 So.2d 767 (1996)
NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY
v.
FIRST COLUMBUS NATIONAL BANK.
No. 92-CA-00808-SCT.
Supreme Court of Mississippi.
February 8, 1996.
Rehearing Denied March 28, 1996.
Dan W. Webb, Webb Sanders Deaton, Balducci Smith & Faulks, Tupelo, John R. White, Cobb & White, Iuka, for Appellant.
Joseph N. Studdard, Dunn Webb McEwen & Studdard, Columbus, for Appellee.
Before DAN M. LEE, C.J., SULLIVAN, P.J., and PITTMAN, J.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
This is an appeal from a summary judgment entered by the Circuit Court of *768 Lowndes County, Mississippi, on November 29, 1990, against National Farmers Union Property & Casualty Company, hereinafter "National Farmers," and in favor of First Columbus National Bank, hereinafter "First Columbus." On September 20, 1989, National Farmers filed a declaratory judgment action against Emmitt Stewart, hereinafter "Stewart," First Columbus, and Voyager Guaranty Insurance Company, hereinafter "Voyager." The complaint sought a determination of National Farmers' liability against any and all of the defendants. Default Judgment was entered on January 23, 1990, against Emmitt Stewart. Subsequently, National Farmers filed a summary judgment motion against First Columbus on April 3, 1990. First Columbus responded and filed a cross motion for summary judgment on November 5, 1990. After a hearing on the motions the Circuit Court of Lowndes County, Judge Lee Howard entered summary judgment on November 29, 1990, in favor of First Columbus and denying National Farmers' motion. The judgment ordered National Farmers to pay First Columbus the sum of $17,934.70 plus interest on the proceeds of the insurance policy. Consequently, all parties filed various post-judgment motions and other pleadings. On July 24, 1992, and July 31, 1992, and August 4, 1992, the circuit court entered its orders affirming the judgment of November 29, 1990, in all material respects, and dismissing all of the post-judgment pleadings. Aggrieved by the lower court's grant of summary judgment as to First Columbus and denial of summary judgment as to National Farmers, National Farmers filed Notice of Appeal to this Court.

STATEMENT OF THE FACTS
On September 30, 1988, Emmitt Stewart executed and delivered unto First Columbus a promissory note in the amount of $49,105.33. This represented a consolidation of previous loans and was secured by a properly perfected security interest in two parcels of real property owned by Stewart and located in Lowndes County, Mississippi. The real property and buildings thereon were located at 1101 11th Street South and 205 23rd Street South in Columbus, Mississippi. The security interest in this property was evidenced by a deed of trust executed by Stewart to First Columbus. This deed of trust required that Stewart obtain and maintain insurance on the parcels held as security by First Columbus. Stewart complied with this provision and obtained insurance on the parcels from National Farmers. National Farmers issued its Policy of Insurance No. CFP505946 to Stewart as the named insured and First Columbus as mortgagee. The policy insured the structure at 1101 11th Street South for $20,000.00 and listed First Columbus separately as a mortgagee. On June 1, 1988, First Columbus took out policy number 23F3052 with Voyager. The Voyager policy named First Columbus as insured and provided for $25,000.00 property coverage limits on the secured property.
On February 13, 1989, the secured property located at 1101 11th Street South, Columbus, Mississippi, was totally destroyed by fire. At the time of the fire and loss, both insurance policies mentioned above were in full effect. Subsequent to the loss, National Farmers investigated the fire and determined it to be of incendiary origin. National Farmers submitted a proof of loss to Stewart, and after rejecting said loss, submitted a proof of loss to First Columbus. First Columbus timely completed the proof of loss delineating the interest it claimed in the property and forwarded the same to National Farmers. The paragraph in the proof of loss containing affirmations which applied solely to the named insured was deleted by First Columbus.
Prior to its filing of a proof of loss, First Columbus initiated power of sale foreclosure proceedings on the subject property due to Stewart's default in payments. The foreclosure sale was held on August 29, 1989, where First Columbus was the highest and best bidder for cash for the amount of $2,065.30. Subsequently, National Farmers filed its Complaint for Declaratory Judgment against Stewart, First Columbus, and Voyager which began the litigation process which resulted in summary judgment for First Columbus and consequently, in this appeal.

I. WHETHER THE LOWER COURT'S ENTRY OF SUMMARY JUDGMENT WAS INAPPROPRIATE.
Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where *769 there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the rule. Lyle v. Mladinich, 584 So.2d 397, 398 (Miss. 1991).
This Court will review de novo a decision to grant summary judgment. Short v. Columbus Rubber and Gasket Co. Inc., 535 So.2d 61, 63 (Miss. 1988). Evidentiary matters are viewed in the light most favorable to the non-moving party. Palmer v. Biloxi Regional Medical Ctr., Inc., 564 So.2d 1346, 1354 (Miss. 1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983).
In Brown, this Court stated:
When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, Summary Judgement if appropriate shall be entered against him.
Id. at 364 (quoting Miss.Rule Civ.Proc. 56(e)).
In the case sub judice there are no genuine issues for trial. The following issues all protest the appropriateness of the grant of summary judgment and thus, are all without merit. However, because the issues raise some questions never before presented to this Court, we will address those issues that merit discussion.

II. WHETHER FIRST COLUMBUS NATIONAL BANK SURRENDERED ITS RIGHT TO RECOVER FROM NATIONAL FARMERS UNION.
National Farmers asserts two theories by which it attempts to bar recovery by First Columbus. First, it contends that First Columbus surrendered its right to recover by foreclosing on the property, and thus, satisfying the debt owed it. Secondly, it claims that First Columbus materially breached the insurance contract by destroying National Farmers' subrogation rights. Each theory is without merit according to the general principles of law and earlier opinions of this Court. The theories are plead in the alternative and each will be discussed separately below.

A. WHETHER NATIONAL FARMERS UNION WAS EXCUSED FROM PAYMENT UNDER MISSISSIPPI CODE ANNOTATED § 83-13-9 DUE TO FIRST COLUMBUS' ACTIONS IN FORECLOSURE.
The specific question before the Court is whether a foreclosure by a mortgagee upon the insured property after a loss impairs the mortgagee's right to proceeds under the insurance policy. The initial inquiry must begin with the private law between the parties themselves, the insurance policy. Cauthen v. National Bankers Life Insurance Co., 228 Miss. 411, 88 So.2d 103 (1956). The insurance policy in the case at bar contains a "standard union mortgage clause" pursuant to Miss. Code Ann. § 83-13-9 (1972). It specifically provides as follows:
The mortgage holder has the right to receive loss payment even if the mortgage holder has started foreclosure or similar action on the building or structure. (emphasis added)
Thus, the policy itself contemplated that the mortgagee might foreclose on the insured property after a loss. However, as the policy states it will not affect the right to receive loss payments, First Columbus properly began foreclosure proceedings upon the insured property and in no way was contrary to the insurance policy itself.
Correspondingly, Mississippi statutory law authorizes foreclosure by the mortgagee. Miss. Code Ann. § 83-13-9 (1972). The text in full reads as follows:
Each fire insurance policy on buildings taken out or renewed on or after July 1, 1989, by a mortgagor or grantor in a deed of trust shall have attached or shall contain *770 substantially the following mortgagee clause, viz:
Loss or damage, if any, under this policy, shall be payable to (here insert the name of the party), as ____ mortgagee (or trustee), as ____ interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; and in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. The mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for thirty (30) days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right on like notice to cancel this agreement. In case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee, or otherwise. Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of ____ claim. Nothing in the foregoing prescribed form shall be construed to in any manner modify the provisions of Section 83-13-5.
Id. (emphasis added). The legislature clearly anticipated foreclosure on the insured property and provided that such actions would not invalidate the insurance. The policy behind National Farmers's argument is that the mortgagee should not be doubly rewarded. National Farmers contends that First Columbus satisfied in full its debt through the foreclosure. Thus, allowing First Columbus to receive insurance proceeds would be unjustly enriching. However, First Columbus did not even come close to satisfying the debt from the foreclosure sale.
The facts are undisputed that First Columbus foreclosed on the insured property and bid the amount of $2,065.30 at the foreclosure sale, and that the amount owing on the debt at that time was $50,996.21. After applying the amount received from the foreclosure sale to the debt owed First Columbus, Stewart still owed First Columbus well in excess of the policy limits. Hence, First Columbus did not fully satisfy the debt at the foreclosure sale.
This specific question is a case of first impression in Mississippi and analogous case law from other jurisdictions is helpful. National Farmers cites Aetna Ins. Co. v. Baldwin County Bldg. and Loan Ass'n, 231 Ala. 102, 163 So. 604 (1935), as persuasive authority. This case, however, is factually distinguishable from the case at bar. In Baldwin County, the bank purchased the insured property after a fire loss at a foreclosure *771 sale. The purchase price was the full amount of the debt. Baldwin County, 163 So. at 605-06. Clearly, in that situation, the bank should be precluded from receiving the insurance proceeds because it had fully satisfied the debt. Here, First Columbus satisfied less than ten percent of the debt. To apply the same result in Baldwin County to the case at hand would prove to be a great injustice.
The Alabama Supreme Court has addressed the issue of when the foreclosure does not fully satisfy the mortgage debt, and we now adopt their rule. In Nationwide Mut. Fire Ins. Co. v. Wilborn, 291 Ala. 193, 279 So.2d 460 (1973), the Alabama Supreme Court stated that when the loss precedes the foreclosure the mortgagee has two different means by which he may satisfy the mortgage.
He may look to the insurance company for payment as mortgagee under the [standard union] [m]ortgage clause and may recover, up to the limits of the policy, the full amount of the mortgage debt at the time of the loss. In this event he would have no additional recourse against the mortgagor for the reason that his debt has been fully satisfied.
The second alternative available to the mortgagee is satisfaction of the mortgage debt by foreclosure. If the mortgagee elects to pursue this latter option, and the foreclosure sale does not bring the full amount of the mortgage debt at the time of the loss, he may recover the balance due under the insurance policy as owner. If the foreclosure does fully satisfy the mortgage debt, he, of course, has no additional recourse against the insurance company, as his debt has been fully satisfied.
Wilborn, 279 So.2d at 463 (citations omitted) (emphasis added).
Applying this rule of law, First Columbus should be allowed to recover the proceeds from the insurance policy up to the balance due on the debt. It is undisputed that the debt was in excess of $50,000.00 and the foreclosure sale resulted in a little over $2,000.00. Applying the rule in Wilborn, First Columbus should be awarded the policy limits ($20,000) minus the amount received from the foreclosure sale ($2,065.30). This is exactly what the court below determined in granting summary judgment in the amount of $17,934.70.
The majority of courts which have addressed this issue are in accord with the above stated rule. See, e.g., Fireman's Fund Mortgage Corp. v. Allstate Ins. Co., 838 P.2d 790 (Alaska 1992); Arkansas Teacher Retirement System v. Coronado Properties, Ltd., 33 Ark. App. 17, 801 S.W.2d 50 (1990); Lutheran Brotherhood v. Hooten, 237 So.2d 23, cert. denied, 240 So.2d 641 (Fla. 1970); Georgia Farm Bureau Mut. Ins. Co. v. Brewer, 202 Ga. App. 127, 413 S.E.2d 770 (1991), cert. denied, (April 9, 1992); Western Employers Ins. v. Bank of Ravenswood, 159 Ill. App.3d 22, 111 Ill.Dec. 105, 512 N.E.2d 9 (1987), appeal denied, 117 Ill.2d 555, 115 Ill.Dec. 411, 517 N.E.2d 1097 (1987); Farmers & Merchants Sav. Bank v. Farm Bureau Mut. Ins. Co., 405 N.W.2d 834 (Iowa 1987); Rollins v. Bravos, 80 Md. App. 617, 565 A.2d 382 (1989), cert. denied, 318 Md. 515, 569 A.2d 644 (1990); 495 Corp. v. New Jersey Ins. Underwriting Ass'n, 173 N.J. Super. 114, 413 A.2d 630 (1980), aff'd, 86 N.J. 159, 430 A.2d 203 (1981); and Tech Land Dev., Inc. v. South Carolina Ins. Co., 57 N.C. App. 566, 291 S.E.2d 821 (1982). See also, 5A J. Appleman, Insurance Law and Practice, § 3403 (1970) ("Furthermore, it has been held that the fact that a mortgagee purchasing the property upon foreclosure for less than the mortgage debt later resold it at a profit would not bar his recovery of the deficiency out of the insurance proceeds.").
In sum, the policy itself, the statute, and the persuasive case law all agree that First Columbus had the right to proceed with the foreclosure without impairing its rights to recover under the insurance policy. Thus, the lower court was correct in granting First Columbus summary judgment for the difference between the amount realized at the foreclosure and the amount due on the note plus interest. Accordingly, no error is found.

B. WHETHER FIRST COLUMBUS DESTROYED NATIONAL FARMERS'S SUBROGATED SECURITY INTEREST, MATERIALLY BREACHING THE CONTRACT.
National Farmers' second theory to bar recovery by First Columbus asserts that *772 First Columbus impaired the subrogation rights of National Farmers in violation of the policy itself and Mississippi statutory law. In formulating its argument, National Farmers correctly states that First Columbus is a party to the contract of insurance through the standard mortgage clause. This Court in Weems v. American Sec. Ins. Co., held that this clause is a "separate contract of insurance entered into between the mortgagee and the insuror." Weems v. American Sec. Ins. Co., 450 So.2d 431, 436 (Miss. 1984). National Farmers also recognized that this contract provided that any payments made by National Farmers under the policy to First Columbus would entitle National Farmers to have the rights of First Columbus transferred to it. McGory v. Allstate Ins. Co., 527 So.2d 632 (Miss. 1988) (where insurer is not liable to insured mortgagor but, nevertheless, pays mortgagee, insurer is subrogated to all the rights of the mortgagee).
Although National Farmers recites the correct law it fails to properly apply such law. The language of the policy itself and the statute demonstrate the order in which events must occur before the insurer will be subrogated to the mortgagee's interest. The pertinent part of the policy reads as follows:
If we pay the mortgage holder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:
(1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay. (emphasis added).
The statute in pertinent part reads as follows:
Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of ____ claim.
Miss. Code Ann. § 83-13-9 (1972) (emphasis added).
The language found in the policy and in the statute make it apparent that the insurance company must first pay the mortgagee before it can subrogate the rights of the mortgagee. In fact, the amount of such payment dictates the extent of the subrogation. Payment is a necessary condition precedent to subrogation rights. This rule of law was recognized by this Court in Great American Ins. Co. v. Smith, 252 Miss. 62, 172 So.2d 558 (1965). In Smith, the appellant asserted that the lower court erred in not directing subrogation of the mortgagee's rights under the deed of trust pursuant to Miss. Code Ann. § 5695 (1956) (now Miss. Code Ann. § 83-13-9). Smith, 172 So.2d at 559. However, the appellant had not paid the mortgagee under the policy and this Court held that subrogation "follows as a matter of law when, but not before, appellant makes payment to the mortgagee." Id. (emphasis added). The holding in Smith is consistent with the language of the policy itself and the controlling statute. Thus, until National Farmers pays First Columbus under the policy, it cannot allege violations of rights which are not yet vested.[1]

III. WHETHER FIRST COLUMBUS COULD DETERMINE THE AMOUNT OF INDEBTEDNESS OWED ON THE PARCEL OF PROPERTY ON WHICH THE LOSS OCCURRED CREATING A GENUINE ISSUE OF MATERIAL FACT.
Based upon the policy and the statutory language, National Farmers must pay *773 First Columbus for loss or damage under the policy "as interest may appear." Again, the starting point for this Court is the language of the policy itself and the statute. The relevant subsection of the insurance policy reads as follows:
We will pay for covered loss of or damage to buildings or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear. (emphasis added)
The relevant portion of the statute reads as follows:
Loss or damage, if any, under this policy, shall be payable to ... mortgagee (or trustee), as ... interest may appear.
Miss. Code Ann. § 83-13-9 (1972) (emphasis added).
Thus, in order for National Farmers to pay First Columbus under the policy, it must first determine what First Columbus' interest is under the policy.
This Court has previously ascertained what the phrase "as interest may appear" means under Miss. Code Ann. § 83-13-9. In Weems v. American Sec. Ins. Co., 486 So.2d 1222 (Miss. 1986), this Court held that the "interest is a security interest measured in amount by a promissory note secured by the deed of trust." Weems, 486 So.2d at 1229 (emphasis added). Thus, it is the promissory note which defines the interest, not the amount of debt secured by the property. "The phrase `as its interest may appear' does not refer to the mortgagee's interest in the property, but to the amount of debt owed to it secured by the mortgage or deed of trust." Couch on Insurance 2d (Rev. ed.) § 42:696 (1982) (emphasis added).
National Farmers erroneously asserts that First Columbus must prove its interest in the property. Its contention is that First Columbus is only entitled to the amount of money owed on the property. It is not the amount owed on the property, but the amount of the note that is controlling under this Court's interpretation of the statute.[2] It is apparent that this Court has found the phrase "as interest may appear" to refer to the actual amount of debt and any interest accrued. Weems, 486 So.2d at 1229. We have determined the "interest by aggregating all sums payment of which is secured by the deed of trust. This ... includes interest on the mortgage debt." Id. In the case sub judice it is uncontested that the amount owing on the note is $50,996.21. Therefore, applying the rule stated by this Court in Weems, First Columbus has determined its interest under the policy and no genuine issue of material fact exists. Thus, the lower court appropriately granted summary judgment.
All other issues raised on appeal were reviewed by this Court and found to be without merit.

CONCLUSION
The circuit court's decision is affirmed. Summary judgment was appropriately granted to First Columbus and denied to National Farmers. The professed issues of material fact alleged by National Farmers cannot be supported by the facts presented below nor by the applicable case law. In order to reverse a summary judgment, there must be some fact question to be addressed by the lower court in a subsequent proceeding. The case at bar provides no such question of fact for the lower court to determine. Therefore, the lower court's decision is affirmed.
AFFIRMED.
DAN M. LEE, C.J., SULLIVAN, P.J., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
PRATHER, P.J., not participating.
NOTES
[1] This Court will not hand down advisory opinions on whether the subrogation rights were violated. This controversy is not yet ripe because National Farmers has not paid First Columbus. Thus, we decline to reach the merits of whether there are any security interests left to which National Farmers may be subrogated.
[2] Even if National Farmers was correct and the proper question was what is the interest in the property, the result is still the same. First Columbus has a deed of trust which includes two parcels of property. Each parcel is securing the entire note. The deed of trust constitutes a lien or charge on the insured property to the full extent of Stewart's debt. "A mortgagee is generally stated to have an insurable interest in the mortgaged premises, the usual rule being that such interest extends to the amount of indebtedness, regardless of other security held." 4 J. Appleman, Insurance Law and Practice, § 2188 (1969) (emphasis added).