## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1999-CA-00482-SCT

*DERRY DURR AND MAGGIE DURR*

*v.*

*AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/1998 |
| TRIAL JUDGE: | HON. MICHAEL R. EUBANKS |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOHN HUBERT ANDERSON |
| ATTORNEYS FOR APPELLEE: | DAVID M. OTT |
| | KATHERINE L. HOWIE |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 06/15/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/25/2001; amended 12/13/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Derry Durr and Maggie Durr appeal to this Court from a summary judgment entered by the Circuit Court of Lawrence County against them in favor of American National Property and Casualty Company.

¶2. On September 22, 1995, American National Property and Casualty Company filed its complaint against Derry Durr and Maggie Durr and Jacqueline Peyton for money damages it sustained as a result of the Durrs' and Peyton's intentional act of arson which caused damage to property insured by American National. The complaint sought judgment against all three defendants, jointly and severally, for all amounts required to be paid to the Farmers' Home Administration and all other costs of the investigation and adjustments of the claim, plus costs, pre-judgment and post-judgment interest and attorneys' fees. Derry Durr and Maggie Durr responded with the defenses that the complaint was barred by the applicable statute of limitation, that the action failed to state a claim upon which relief could be granted and that American National Property & Casualty Insurance Company was estopped from proceeding against Derry Durr because he was in compliance with a judgment from the circuit court delineating his responsibility in this matter. American National Property and Casualty Company filed a Motion for Summary Judgment and itemized material facts which were not disputed by the Durrs. The trial court granted summary judgment.

¶3. The only issue is whether the state three-year statute of limitations applies or whether the federal statute of limitations of six years is applicable. We hold that the federal statute applies here.

¶4. We find no genuine issues of fact are in dispute; thus the summary judgment is appropriate.

## STATEMENT OF THE FACTS

¶5. American National Property and Casualty Company ("American National") issued a homeowners policy of insurance to Jacqueline Peyton ("Peyton") on January 21, 1991, providing $65,000.00 in dwelling coverage on her residence located at Route 1 Box 52, Monticello, Mississippi. On March 23, 1991, the residence of Peyton was destroyed by an incendiary fire. Peyton did not file a proof of loss with American National as a result of the fire as required by the terms of the policy. However, immediately after the fire and pursuant to the terms of the policy, American National made an advance payment of $1,000.00 to Peyton. In addition, American National paid $150.00 to the Monticello Fire Department.

¶6. On February 7, 1992, Peyton, Derry Durr and Maggie Durr ("Durrs") each pled guilty to arson of insured property in the Circuit Court of Lawrence County, Mississippi, for the fire at Peyton's residence. The circuit court ordered payment of restitution. The Farmers Home Administration ("FmHA") was the beneficiary of the restitution payments up to March 1994 at which time the restitution payments were assigned to American National. Maggie Durr was ordered to pay $1,500.00 to FmHA and all costs of court at the rate of $25.00 per month. Peyton was ordered to pay $180.00 to the witness, $3,000.00 to the FmHA and all costs of court at the rate of $50.00 per month beginning March 2, 1992. Derry Durr was ordered to pay $25,000 to the FmHA and all costs of court with costs to be paid within one year of the date of the order.

¶7. FmHA was identified on the declarations page of the policy as a mortgagee on the dwelling, and FmHA filed a proof of loss with American National on October 9, 1992. Under the terms of the policy[1] and Miss. Code Ann. § 83-13-9 (1999), American National was required to pay and did pay FmHA $28,931.16 for the amounts owed by Peyton under the note and deed of trust. This payment was less payments of restitution made by Peyton, Derry Durr and Maggie Durr pursuant to the Order of Restitution of the circuit court. FmHA assigned the deed of trust and note to American National pursuant to Miss. Code Ann. § 83-13-9 (1999). As security for the restitution payments, Derry Durr executed a Deed of Trust in the amount of $21,296.86 in favor of FmHA, and the deed of trust was then assigned to American National.

¶8. On September 22, 1995, American National filed suit in the Circuit Court of Lawrence County, Mississippi, against Peyton, Derry Durr and Maggie Durr. Derry Durr and Maggie Durr answered with the defense that the action was barred by the statutes of limitation. American National filed an amended motion for summary judgment. The trial court noted nothing in the appellants' response to the motion for summary judgment disputed any of the foregoing facts.

¶9. A judgment was entered jointly and severally against Derry Durr, Maggie Durr and Jacqueline Peyton in the amount of $17,731.80. This amount is the amount of the payment to FmHA plus the amount of the payment to the Monticello Fire Department less the restitution payments of Derry Durr and Maggie Durr since March of 1994. A judgment was also entered separately against Peyton in the amount of $880.00 in addition to the joint and several judgment, representing the $1,000.00 less the $120.00 paid to American National by restitution. Aggrieved by the circuit court's judgment, the Durrs appeal to this Court and assign the following issue as error:

## STATEMENT OF THE ISSUES

**I. WHETHER THE LOWER COURT ERRED IN GRANTING AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT.**

## STANDARD OF REVIEW

¶10. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the rule. *Hare v. State*, 733 So. 2d 277, 279 (Miss. 1999)(citing *Richmond v. Benchmark Constr. Corp.,* 692 So. 2d 60, 61 (Miss. 1997); *Lyle v. Mladinich,* 584 So. 2d 397, 398 (Miss. 1991)).

¶11. This Court employs a de novo standard in reviewing a lower court's grant of summary judgment. *Id.* Evidentiary maters are viewed in a light most favorable to the nonmoving party. *Id.* If any triable issues of material fact exist, the lower court's decision to grant summary judgment will be reversed. *Id.* Otherwise, the summary judgment is affirmed.

## DISCUSSION OF LAW

**I. WHETHER THE LOWER COURT ERRED IN GRANTING AMERICAN NATIONAL AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT.**

¶12. The Durrs contend that this action, which was filed on September 22, 1995, is time barred because Mississippi prescribes a three-year limitation period. Miss. Code Ann. § 15-1-49 (1995) (1) provides, in pertinent part, as follows: "(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

¶13. In support of its motion, American National counters that the applicable statute is federal so that the limitation period is six years. Thus, the action was timely brought pursuant to the six-year statute of limitations codified at 28 U.S.C. §  2415(a) (Supp.1985). The parties also disagree about the date on which the cause of action accrued,[(2)] but our disposition of the choice of law question makes unnecessary determination of the exact date. The pertinent provision of 28 U.S.C. § 2415(a)(Supp. 1985), entitled "Time for Commencing Actions Brought by the United States," provides that "every action for money damages brought by the United States ...which is founded upon any contact express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues...." 28 U.S.C. § 2415(a)(Supp.1985).

¶14. Further, though recognizing that state law may be utilized where federal law controls an issue but does not address that issue, the courts have concluded, almost without exception, that state law will not be resorted to in order to provide the rule of decision on this limitations issue. *United States v. Muirhead*, Civ. A. No. J91-0585(L)(C), 1993 WL 763504 (S.D.Miss. 1993), *aff'd sub nom*:*Farmers Home Admin. v. Muirhead*, 42 F.3d 964 (5th Cir. 1995).

> The general rule is that the rights of the United States under ... federal ... program[s] are governed by federal law. *See **United States v. Kimbell Foods, Inc.**,* 440 U.S. 715, 726 (1979). Where federal statutes or laws do not delineate these rights, the federal courts must "fill the interstices of federal legislation 'according' to their own standards. ' " (quoting *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367 (1943).)

1993 WL 763504 at 3.

¶15. Congress used embracive language in § 2415, because it intended to establish a single limitation period for all contract actions brought by the United States. *United States v. McReynolds,* 809 F.2d 1047,1049 (5th Cir. 1986). In this case, there is no vacuum to fill because the ancient rule that the United States is not subject to a limitations period clearly addresses the issue presented. Accordingly, the action sub judice is controlled by the federal six-year limitations period and not Mississippi's three-year proscriptive period.

¶16. This result is consistent with the long-settled rule that the United States is not subject to local statutes of limitations in enforcing its rights unless it has consented to the application of those statutes. *United States v. McReynolds*, 628 F. Supp. 76, 78 (N.D. Miss. 1986). *See United States v John Hancock Mut. Ins. Co.*, 364 U.S. 301, 308, 81 S.Ct. 1, 5, 5 L.Ed.2d 1 (1960); *United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir. 1975). Congressional intent to waive governmental immunity from state statutes of limitation must be clearly manifested. *Id.* There is no such waiver in the action sub judice. And since federal law does address the issue, there is no cause to resort to state law for an answer.

¶17. However, the Durrs counter this argument by alleging the state's limitation statute should apply because FmHA was performing a private function of a mortgage lender and as such is bound by the state statute of limitations. Therefore, American National as assignee-subrogee could have no greater right than FmHA because when the cause of action arose and the suit was filed the statute of limitation had run. In essence, the Durrs are alleging that state law preempts federal law in this matter. This argument is also meritless and must fail according to the general principles of law.

¶18. In *United States v. Summerlin,* 310 U. S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), the defendant was the administratrix of the estate of J.F. Andrew. *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 255 (6th Cir. 1996). Andrew had executed a promissory note under the National Housing Act, 48 Stat. 1246, and following a default the note had been assigned to the Federal Housing Administrator. *Id.* After Andrew's death, the administratrix gave notice by publication that creditors of the estate had eight months, as provided by state statute, to file proof of their claims. *Id.* FHA filed its claim 11 months later, and the state supreme court- treating the statute as "a statute of no claims" rather than a statute of limitations-held the claim void. *Id.* (citing *United States v. Summerlin*, 140 Fla. 475, 477, 191 So. 842, 843 (1939)). The Supreme Court of the United States reversed this judgment. *Id*. In the words of the Court, "When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. " *Id*. And because the claim had been acquired by the FHA on behalf of the United States through operations under the National Housing Act, the Court implicitly held, the United States was asserting the claim "in its governmental capacity."*Id.*

¶19. Here, as in *Summerlin*, it was pursuant to a federal statute that FmHA had a "right of action" against Peyton and the Durrs. Because the deed of trust was executed by the FmHA and payable to the Department of Justice for the benefit of the United States of America, the FmHA, United States Department of Agriculture, acted in its governmental capacity as mortgagee when it filed a proof of loss with American National making demand for payment of policy proceeds owed pursuant to Miss. Code Ann. § 83-13-9 (1999). American National paid the demand on February 17, 1994. Our conclusion that FmHA was acting in a governmental or sovereign capacity here, as those terms are used in *Summerlin,*

finds support in the recent case of ***Farmers Home Admin. v. Muirhead,*** 42 F.3d 964 (5th Cir. 1995). There the Fifth Circuit held that mortgage foreclosure proceedings instituted to collect balances due on notes held by the FmHA, a federal agency, were not subject to a state statute of limitation. ***Id.*** at 965. Just as in ***[Summerlin](#)***, the proceedings in ***Muirhead*** "arose from a federal loan program and [the agency] was proceeding 'as the sovereign'...." 75 F.3d at 256. Thus, if FmHA is barred from the enforcement of the mortgage, the limitation must come from the federal law. No such limitation exists.

¶20. After payment of full compensation, American National became subrogated to FmHA's right. "[A] prerequisite to the right of subrogation is the full compensation of the insured." ***[Hare v. State](#)***, 733 So. 2d at 282. Basic contract law places a subrogee in the shoes of the subrogor when he sues on the underlying debt. ***United States v. Winter,*** 319 F. Supp. 520, 521 (E.D. La. 1970).

¶21. The statute and the persuasive case law all agree that American National was entitled to enforce its right of subrogation[3] after FmHA had been fully compensated. In ***National Farmers Union Property & Cas. Co. v. First Columbus Nat'l Bank***, 669 So.2d 767, 772 (Miss. 1996), this Court held that subrogation "follows as a matter of law when, but not before, appellant makes payment to the mortgagee." (quoting ***Great Am. Ins. Co. v. Smith***, 252 Miss. 62, 172 So. 2d 558 (1965)). A surety who pays all the judgment debt of his principal, or who pays part of it and the principal the balance, will be subrogated to all the benefits and privileges which the creditor had, by means of his judgment against the principal, and made to stand in the judgment creditor's shoes as against the principal debtor. ***Magee v. Leggett,*** 48 Miss. 139, 144 (1873).

¶22. American National paid the whole principal due in exchange for a full assignment of the mortgage and all such other securities, the security being the restitution and the Deed of Trust executed by the Durrs.

¶23. The Durrs rely primarily on ***Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.***, 456 So. 2d 750 ( Miss. 1984), There the Court held that where a television set caught fire and damaged the insureds' house on December 1, 1976, the fact that the insurer did not become subrogated to the rights of the insureds until October 31, 1977, did not operate to extend the period within which suit could be brought because the insurer was substituted in place of the insureds and succeeded to the rights and remedies of the insureds to their claim against the television repairman. The subrogation agreement did not create new cause of action, because the insurer only succeeded to rights and remedies of its insureds. ***Id.*** at 754-55. Though that case can be distinguished on its facts, its reasoning is applicable here. As the case law points out, American National took nothing by subrogation except the right which the subrogors had. FmHA is subject to the six-year period provided by Congress, and American National as subrogee has a right to occupy the place of FmHA and to be subrogated to its rights against the Durrs as to any lien or security which FmHA may have. ***Magee v. Leggett***, 48 Miss. 139, 144 (1873).

¶24. In sum, the trial judge correctly held the action was not barred by the statute of limitations.

¶25. A grant of summary judgment is appropriate only where it appears from the record, considered in the light most favorable to the party opposing the motion, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. [Miss. R. Civ. P. 56(c)](#). [Rule 56(c)](#) permits summary judgment only when the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about those facts. ***[Id.](#)***

¶26. The underlying facts in the action sub judice are not in dispute. The only dispute here involves the

appropriate statute of limitation, an issue of law to be resolved by the Court. Although the Court is well aware that summary judgment must be granted with care, we are also aware that "in cases where there is no genuine issue of fact it is appropriate, indeed demanded , by the [ ] Rules of Civil Procedure and the efficient administration of justice." *United States v. McReynolds*, 628 F. Supp. at 80 (quoting *Rayborn v. Mississippi State Bd. of Dental Examiners*, 776 F.2d 530, 531 (5th Cir. 1985)).

## CONCLUSION

¶27. The federal six-year statute of limitation is applicable to the action sub judice. Since American National brought this action within that six-year period, this suit is not time-barred. Therefore, the circuit court did not err in granting American National's motion for summary judgment. The judgment of the Lawrence County Circuit Court is affirmed.

¶28. **AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶29. The majority is both misguided and unconvincing in its attempt to apply a federal six-year statute of limitations to a tort claim. This is nothing but a simple case where an insurance company is attempting to collect monies for a tort committed by the Durrs for burning the house. American National Property and Casualty Company ("American National"), the insurer, had to pay the mortgage company (FHA) and then attempted to collect its money back from the Durrs that it had advanced. Perhaps the majority's fatal flaw is in construing this as a contract case, instead of one sounding in tort. The rights asserted against the Durrs were in tort for the destruction (arson) of their home. Thus, the three-year Mississippi statute of limitation commenced to run on the day of the fire, March 23, 1991. The destruction took place on March 23, 1991, and this is the day that the cause of action accrued to American National against the Durrs. At the very least, it was known and accrued upon the Durrs' entering guilty pleas to their participation in the arson of their house to collect the insurance from American National. Both the March 23, 1991, date of the fire and the February 7, 1992, pleas of guilty were more than three (3) years prior to the September 22, 1995, filing of the complaint. American National has in essence slept on its rights, waking to find its claim procedurally barred. See Miss. Code Ann. § 15-1-49(1)(1995). The complaint should have been dismissed with prejudice. Accordingly, I dissent.

¶30. Pursuant to Miss. Code Ann. § 15-1-49 (1), all actions for which no other period of limitation is prescribed shall be commenced within three (3) years after the cause of action has accrued. The majority argues that this case is a contract action brought by the United States and the applicable statute is federal, making the limitation six (6) years.

¶31. However, a contractual obligation only arose later with the execution of a deed of trust by the Durrs to guarantee restitution payments with the court. The deed of trust was executed on a house which the Durrs still own. The terms of the note and the deed of trust were current, and the action on the part of American National was not an attempt to foreclose or accelerate collection of the restitution. While the majority may be correct that the six-year statute of limitation applies to collection of that deed of trust, that is not the subject of this action.

¶32. FHA was not asserting any contractual right against the Durrs. For one reason, it had none. The United States, performing the private function of mortgage lender through FHA, is bound by the Mississippi general statute of limitation and is unable to file a tort action against the Durrs after three years. Consequently, American National, the assignee-subrogee, could have no greater rights. Since the cause of action arose upon notice of the fire on March 23, 1991, and the suit was not filed until September 22, 1995, the applicable statute of limitation of three (3) years has run.

¶33. What is puzzling is the fact that the majority looks the other way in allowing a sophisticated party such as American National an additional three (3) years to bring an action for a claim of which it was aware from day one. This is not a case in which there was fraud which masked the truth for some years. Less than one (1) year after American National made an advance payment pursuant to the insurance contract on the home, the Durrs pled guilty to the arson of property they had insured by American National. Yet it still took American National another two (2) years to file a complaint. If American National was not already on notice of its rights after advancing $1,000.00 to the Durrs, it should have been when it received a proof of loss from FHA just some seven (7) months after the fire.

¶34. While this opinion should not be in any way misconstrued to condone the actions of the Durrs, it should be clear that American National has slumbered on its rights. Instead of properly barring American National's claim, the majority instead chooses to make new law. That law would allow insurers using federal funds to bypass our state statute of limitation and gain three (3) additional years in which to bring suit; effectively gaining more rights than those enjoyed by local insurers operating within this very state.

¶35. The underlying rationale for statutes of limitation is to encourage promptness in the bringing of actions and to ensure fairness to defendants. *Grant v. State*, 686 So.2d 1078, 1083 (Miss. 1996)(citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). American National was anything but prompt in the pursuit of its claim, and to allow it an additional three (3) years to bring suit would clearly be unfair to the Durrs. In this case, American National is bound by the general three-year statute of limitation, and in not filing suit until September 22, 1995, its complaint is time barred. Accordingly, I dissent.

1. The relevant part of the Release reads as follows:

> For and in consideration of the twenty-eight thousand nine hundred thirty-one and 16/00 dollars ($28,931.16), payable to the Department of Justice for the benefit of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, to it in hand paid this date, the receipt and sufficiency of which is hereby acknowledged, The United States Of America, Acting Through The Farmers Home Administration, United States Department of Agriculture, ("Farmers Home Administration") does hereby release, acquit, and forever discharge American National Property & Casualty Company...from any and all claims, actions, causes of actions...which have resulted...on account of ..growing out of that certain deed of trust executed by Jacqueline D. Peyton for the use and benefit of the United States of America, acting through the Farmers Home Administration, dated December 28, 1983...which property was subsequently destroyed by a fire which occurred on or about March 23, 1991, this being the same and identical property described in and covered by that certain insurance Policy No. 23-H-737-829-6 issued by American National to Jacqueline Peyton....

2. The Durrs argue that the cause of action accrued when the fire loss occurred on March 23, 1991, so that

the action is barred under the state statute of limitations. American National asserts the cause of action did not accrue until Farmers Home Administration presented it with a proof of loss on October 9, 1992 or when the notes were assigned to it on February 22, 1994. But by virtue of the assignment, it succeeded to all the rights of Farmers Home Administration, including a six-year statute of limitation.

3. Miss. Code Ann. § 83-13-9 (1999). The pertinent part of this statute reads as follows:

> Whenever this company [American National] shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities....(emphasis added).