## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01193-SCT

*SOUTHERN MISSISSIPPI PLANNING AND DEVELOPMENT DISTRICT, A MISSISSIPPI NON-PROFIT CORPORATION AND A PLANNING AND DEVELOPMENT DISTRICT*

*v.*

*ALFA GENERAL INSURANCE CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2000 |
| TRIAL JUDGE: | HON. WILLIAM L. STEWART |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM W. ABBOTT, JR. |
| | HUGH D. KEATING |
| ATTORNEYS FOR APPELLEE: | THOMAS C. ANDERSON |
| | DAVID M. OTT |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 07/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/9/2001 |

**BEFORE BANKS, P.J., WALLER AND COBB, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This is a contest between lien creditors concerning the priority of their secured position in real property located in Lucedale, George County, Mississippi, on which, during better times, a business known as Kennedy Furniture Company operated. Peoples Bank (Peoples) and Southern Mississippi Planning and Development District (the District) loaned money to the Kennedys with Peoples having a first mortgage. After a fire loss of questionable origin, ALFA General Insurance Company (ALFA) denied payment to Kennedy, but paid off all of the Peoples Bank loan and all but approximately $20,000 of that owing to the District.

¶2. Believing it had been subrogated to the priority position of Peoples, ALFA sought judicial foreclosure of real property in the Chancery Court of George County and joined the District. The District filed an answer and counterclaim, asserting that a deed of trust held by the District was in a first lien priority position as compared with the assigned deed of trust held by ALFA. ALFA and the District filed motions for summary judgment, which were considered by the court along with a "Joint stipulation of the facts" submitted by the parties. The trial court ruled for ALFA and against the District, finding that the deed of trust held by ALFA had rank and priority over the deed of trust held by the District. The final judgment was certified under M.R.C.P. 54(b), the Court finding no just reason for delay. Feeling aggrieved, the District appeals raising the following two issues:

## I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT

**TO ALA?**

**II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE DISTRICT'S MOTION FOR PARTIAL SUMMARY JUDGMENT?**

¶3. Finding no error with the trial court's grant of summary judgment to ALFA, we affirm.

## FACTS

¶4. The facts of this case are undisputed and taken from the factual findings set forth in the judgment of the trial court. In June of 1996, Steven L. Kennedy d/b/a Kennedy Furniture Co. borrowed from Peoples the sum of $87,535.50 and secured the repayment of the obligation with a deed of trust on real property located in George County, Mississippi. Kennedy also borrowed $87,500.00 from the District and secured the repayment of the loan with a second deed of trust on the same property.

¶5. As required by the terms of both deeds of trust, Kennedy purchased from ALFA a policy of insurance covering the property, contents and all improvements. Both Peoples and the District were specifically listed under the ALFA policy as mortgagees. The policy contained the following language transferring to ALFA the rights of Peoples, the mortgage holder, to the extent of any payments made to Peoples:

> If we pay the mortgage holder for any loss or damages and deny payment to you because of your acts or because you have failed to omply with the terms of this policy:
>
> (7) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and
>
> (8) The mortgage holder's right to recover the full amount of the mortgage holder's claim will not be impaired.

¶6. In February of 1997 fire destroyed the insured property. ALFA denied liability for any amounts to Kennedy. Notwithstanding this denial, ALFA, as required by Miss. Code Ann.§ 83-13-7 &- 9 (1999), paid to Peoples the sum of $85,367.86, which represented the then outstanding balance of the obligation owed by Kennedy to Peoples. Likewise, ALFA paid to the District $64,632.14, which was the sum remaining under ALFA's policy. This was some $20,000 less that the outstanding balance owed to the District.

¶7. In connection with its denial of liability to Kennedy, ALFA filed a declaratory action in federal district court, concerning its rights and liabilities under the policy as pertained to Kennedy.[1] The district court entered final judgment which: (1) ruled that, ALFA had no liability to Kennedy; (2) awarded ALFA a judgment against Kennedy for $150,000, the amount of all payments paid by ALFA to Peoples and the District as mortgagees; (3) ruled that ALFA was entitled to the assignment of any notes and any security thereof or subrogation rights to the extent provided by Miss. Code Ann. § 83-13-9 (1999); (4) ruled that ALFA had no obligation to defend or indemnify Kennedy; and (5) provided that the final judgment was not binding against any person not a party to the lawsuit.

¶8. In August of 1999, Peoples assigned its note and deed of trust to ALFA. With Kennedy in default under the terms and provisions of both the Peoples and the District's notes and deed of trusts, in September of 1999, ALFA, claiming status as a priority lien holder, filed a complaint for judicial foreclosure of the Kennedy property. The District responded, alleging that, as a result of Peoples' assignment to ALFA, its deed of trust vaulted to the position of first priority, with the deed of trust assigned to ALFA properly relegated to secondary priority.

¶9. Shortly thereafter, ALFA filed a motion for summary judgment seeking a judgment confirming its status as a priority lien holder over the disputed deed of trust. The District filed a similar motion, asking the court to grant it partial summary judgment, declaring its priority in the deed of trust to be paramount to the interest assigned to ALFA. At the hearing on these two motions, the trial court granted ALFA's motion for summary judgment, holding that the valid first lien deed of trust assigned to ALFA held priority over the subordinate deed of trust held by the District, as it was still first in time and first in right, just as it was prior to the fire. The trial court denied the District's motion for summary judgment, and certified the judgment as final under M.R.C.P. 54(b).

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO ALFA?

### II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE DISTRICT'S MOTION FOR PARTIAL SUMMARY JUDGMENT?

¶10. The circuit court's grant of summary judgment is reviewed by this Court de novo. *Cothern v. Vickers, Inc.,* 759 So. 2d 1241, 1245 (Miss. 2000). Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. *Hare v. State,* 733 So. 2d 277, 279 (Miss. 1999). "The burden of demonstrating that no genuine issue of material fact exists is on the moving party. To defeat a motion for summary judgment, the nonmoving party must make a showing sufficient to establish the existence of the elements essential to his case." *Pride Oil Co. v. Tommy Brooks Oil Co.,* 761 So. 2d 187, 191 (Miss. 2000). "If any triable issues of material fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the summary judgment is affirmed." *Richmond v. Benchmark Constr. Corp.,* 692 So. 2d 60, 61 (Miss. 1997).

¶11. ALFA was clearly subrogated to the rights of Peoples. The record reflects that Peoples assigned its interest in Kennedy's property to ALFA and that the District does not dispute the validity of the first deed of trust assigned by Peoples to ALFA. Regarding assignments to a payee (ALFA) from a mortgagee (Peoples), wherein the payee asserts no liability to the owner (Kennedy), the payee is entitled to the full assignment of the mortgage under Miss. Code Ann. § 83-13-9 (1999), which provides in relevant part as follows:

> Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefore existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the

mortgage with the interest, and shall thereupon receive a *full assignment* and transfer of the mortgage and of all other such securities; . . . .

¶12. We have previously addressed the right of an insurer to an assignment under § 83-13-9, as it existed in 1965,[(2)] finding that the insurer's right (ALFA) to assignment follows as a matter of law upon payment to the mortgagee (Peoples). *See Great Am. Ins. Co. v. Smith,* 252 Miss. 62, 65-66, 172 So. 2d 558, 559 (1965). The general rule in Mississippi is that the right to receive money due or to become due under an existing contract may be assigned. *See Great S. Nat'l Bank v. McCullough Envtl. Servs., Inc.,* 595 So. 2d 1282, 1286 (Miss. 1992). The assignment may be enforced by the assignee (ALFA)--who essentially "stands in the shoes" of the assignor (Peoples), taking whatever rights the assignor possessed. *See id.* "The logical inversion of this rule dictates that the assignee must acquire all those rights, interests and remedies available to assignor . . ..," *Ford v. White,* 495 So. 2d 494, 497 (Miss. 1986).

¶13. Once ALFA paid to Peoples the whole amount due under the note secured by the first deed of trust, ALFA became entitled to and actually received a full assignment and transfer of the first deed of trust. Necessarily, ALFA acquired Peoples' status as first in time, first in right. Without attacking the validity of the assignment, the District argues that its second deed of trust should vault into a higher position than that assigned to ALFA.

¶14. The District contends that the trial court committed error by ignoring the principles of subrogation and the "made whole" rule, the express terms of the insurance policy, and precedents of this Court. To support its position, the District relies heavily on a recent case where we adopted a form of the "made whole" rule. *See Hare,* 733 So. 2d at 285. In *Hare,* a former employee of the State and still insured under the Mississippi State and Public School Employees' Health Insurance Plan, was involved in a car accident with an uninsured motorist. The State's health plan paid most of the employee's resulting medical expenses, and when the employee recovered under his uninsured motorist policy, the State asserted a subrogation claim against the monies collected by the employee. In adopting the "made whole" rule, we held until the insured has been fully compensated, there can be no danger of a double recovery, (the general intent of subrogation), such that the insurer had no claim to the insufficient recovery obtained by the injured employee. *See id.*

¶15. *Hare* is easily distinguishable from the facts currently before the Court. Unlike the matter before us, in *Hare*, we addressed equitable subrogation by a health insurer, not a property insurer's statutorily granted right of assignment. Also, the insured in *Hare* was an individual who suffered personal injuries. Here, the District was not an insured, but merely a third-party beneficiary, who willingly entered into a commercial transaction with knowledge of the risks involved. Further, unlike the insured in *Hare,* who was not placed in the same position he occupied prior to injury, the District, as a third-party beneficiary, remained in its same position as possessor of a second and subordinate deed of trust. Again, *Hare* involved the issue of subrogation, whereas here we are dealing with the assignment of Peoples' deed of trust to ALFA.

¶16. As such, our decision in *Hare* is not applicable to the facts presently before us. We affirm the trial court's grant of summary judgment to ALFA.

## CONCLUSION

¶17. As there is no dispute that ALFA received a valid assignment of Peoples' interest as a first lien holder, ALFA necessarily stepped into Peoples' shoes, thereby taking priority over the District's subordinate lien.

Therefore, the trial court's judgment is affirmed.

¶18. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**

1. See *ALFA General Ins. Corp. v. Steven Lane Kennedy and Kennedy Furniture Company, Inc*., Civil Case No. 2:97cv239PG (S.D. Miss.).

2. For this relevant part present day Miss. Code Ann. § 83-13-9 (1999) tracks the same language contained in Miss. Code Ann. § 5695 (1956).